The Honorable David R. Malone State Representative P.O. Box 1048 Fayetteville, Arkansas 72701
Dear Representative Malone:
This is in response to your request for an opinion on whether the board of trustees of a municipal Fireman's Relief and Pension Fund can legally invest monies belonging to the fund in the "ML-LEE ACQUISITION FUND, L.P." The first paragraph of the "ML-LEE ACQUISITION FUND, L.R." preliminary prospectus provides:
 ML-LEE Acquisition Fund, L.P. (the `Fund') is a newly formed business development company under the Investment Company Act of 1940, organized as a Delaware limited partnership. The investment objective of the Fund is to seek an overall return exceeding that generally obtainable from public high yield debt, through a combination of competitive current income and significant long-term capital appreciation. The Fund intends to achieve this objective primarily through investments in `mezzanine' securities, consisting primarily of subordinated debt and/or preferred stock linked with an equity participation, in connection with leveraged acquisitions and other recapitalizations. There is no assurance that the investment objective of the fund will be realized.
In response to your question, we must first look to the investment provisions applicable to the investment of municipal Fireman's Relief and Pension Funds. The relevant provisions are A.C.A.24-11-805(b) and (d) which provide:
 (b) The board of trustees shall have the power, with the consent of a majority of the fire fighters at the time employed, expressed in writing and filed with the city clerk, to authorize the treasurer to draw sums from its treasury to invest in the name of the board of trustees of the firemen's relief and pension fund in interest-bearing bonds of the United States, of the State of Arkansas, or of the city where the board is located, or in certificates of deposit or time deposits in banks duly established and authorized to do business in this state, or in savings and loan associations duly established and authorized to do business in this state.
* * *
(d) However, in those pension and relief funds in which assets exceed five hundred thousand dollars ($500,000), the board of trustees may employ professional investment counsel to invest the assets, subject to the terms, conditions, limitations, and restrictions imposed by law upon the Arkansas Local Police and Fire Retirement System, as provided by 24-10-401 — 409[1]
Investments shall not be limited to interest-bearing bonds, certificates of deposit, and time deposits.
It thus appears that funds may only be invested as enumerated in24-11-805(b) if the Fund has $500,000 or less in assets. This would preclude investment in the "ML-LEE ACQUISITION FUND, L.P." If, however, the Fund has assets in excess of $500,000, its investments are governed by the provisions of 24-10-402(6) and (7) (Supp. 1987), which provide:
 (6) Anything in this section to the contrary notwithstanding, investment activity shall be subject to the terms, conditions, limitations, and restrictions imposed by law upon state public employee retirement plans in the making and disposing of their investments.
 (7) Anything in this section to the contrary notwithstanding; until the assets of the system amount to at least five million dollars ($5,000,000), the funds of the system not in the checking account may be invested in shares of no-load mutual funds, each of which shall have the following characteristics:
 (A) The mutual fund shall be an open-end diversified investment company registered under the Federal Investment Company Act of 1940, as amended;
If either subsection (6) or (7) authorizes the investment, it will be in accordance with the law. Subsection (7) does not authorize the investment, because although the "ML-Lee Acquisition Fund, L.P." is registered under the Federal Investment Company Act of 1940, it is not an open-ended diversified company. It is a non-diversified company. See Prospectus at p. 1.
Analysis under subsection (6) requires reference to the "conditions" imposed upon state retirement plans generally. The "conditions" imposed upon state retirement plans in making their investment are embodied in the "prudent investor rule", which is defined at A.C.A. 24-3-411 as follows:
 (b) The prudent investor rule means that, in making investments, the fiduciaries shall exercise the judgment and care, under the circumstances then prevailing, which an institutional investor of ordinary prudence, discretion, and intelligence exercises in the management of large investments entrusted to it, not in regard to speculation but in regard to the permanent disposition of funds, considering probable safety of capital as well as probable income.
The question thus becomes whether, in a municipal fund which has assets over $500,000, investment in the "ML-LEE ACQUISITION FUND, L.P." would comport with the prudent investor rule. It is my opinion that this is a factual determination best left to the skilled investment advisors charged with the duty to make such decisions. I have, however, attached copies of Opinion Nos.88-189 and 87-301, previously issued by this office, which discuss the "prudent investor rule" and may offer some general guidance in the area. I have also attached copies of Opinion Nos. 86-5 and86-32 which may be of general assistance in the area of investment of these types of funds.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] In this regard, see generally Opinion No. 87-105, a copy of which is enclosed.